Forrester A. Clark and Katherine B. Clark v. Commissioner.
Clark v. Commissioner
Docket No. 68678.
United States Tax Court
T.C. Memo 1960-277; 1960 Tax Ct. Memo LEXIS 13; 19 T.C.M. (CCH) 1535; T.C.M. (RIA) 60277; December 29, 1960
*13 Petitioner entered into a series of transactions by which he purchased bonds, donated them to a charitable organization and claimed deductions for amortization of the bond premiums and for interest on money borrowed to purchase the bonds. Respondent disallowed both deductions. Held, respondent correctly disallowed petitioner's deduction for amortization of the bond premium. Maysteel Products, Inc., 33 T.C. 1021. Held, further, petitioner is entitled to deduct the interest. Fabreeka Products Co., 34 T.C. 290. Edward C. Park, Esq., for the petitioners. Raymond T. Mahon, Esq., for the respondent. MULRONEY *14 Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioners' income tax for the year 1954 in the amount of $17,056.38. The issues to be determined are whether petitioners are entitled to a claimed deduction for the amortization of bond premium in the taxable year 1954 of $8,625 [1] under the provisions of section 171 of the Internal Revenue Code of 1954[2] and whether petitioners are entitled to a claimed deduction for interest paid in the taxable year 1954 in the amount of $343.75 under the provisions of section 163. Findings of *15 Fact Most of the facts have been stipulated. They are found accordingly. Petitioners, Forrester A. and Katherine B. Clark, are husband and wife who reside in Hamilton, Massachusetts. They filed a joint income tax return for the taxable year 1954 with the district director of internal revenue for the district of Massachusetts, Boston, Massachusetts. Katherine B. Clark appears herein only as a result of having filed a joint return with her husband. Forrester A. Clark will hereafter be referred to as petitioner. All the transactions described herein took place in 1954. During that year petitioner was a partner in the firm of H. C. Wainwright & Co., hereafter called Wainwright Co., which is engaged in business as security dealers and brokers. On September 23 petitioner purchased $100,000 face value Illinois Power Company 3 1/8 per cent bonds, due on February 1, 1978. The bonds were purchased at a price of 111 1/2. The total purchase price was $112,253.47. Of this amount $111,500 represented principal, $503.47 represented accrued interest and $250 represented commissions. The bonds were purchased through Wainwright Co.
The bonds were callable as a whole, or in part by lot, on not *16 less than 30 or more than 60 days' published notice at any time to February 1, 1955, at $103 per $100 of principal amount payable at maturity. The bonds were also callable for sinking and property fund and for maintenance and renewal fund on like notice at any time to February 1, 1955 at a special call price of $100.43 per $100 of principal amount. In order to pay for the bonds petitioner borrowed $100,000 from The Merchants National Bank of Boston, hereafter called the bank, on October 1 and executed a promissory note payable in 45 days for the amount of the loan, pledging the bonds as security for the loan. On October 1, Wainwright Co., acting on instructions from petitioner, delivered the bonds to the bank as security for petitioner's loan and received a check in the amount of $100,000, the proceeds of petitioner's loan. The balance of the purchase price, $12,253.47, was transferred to Wainwright Co. from petitioner's private ledger account. On October 7 the bank sent petitioner a statement of 45 days' interest due (from October 1 to November 15) in the amount of $343.75 on the $100,000 loan. Petitioner paid the bank $343.75 by personal check the next day. On October 29 petitioner *17 wrote a letter to the Forrester Clark Foundation, an organization which is, and was in 1954, an organization described in section 170(c), in which he notified the foundation that he was making a gift of the bonds to the foundation subject to the $100,000 outstanding loan secured by the bonds. On the same day petitioner notified the bank of the gift by letter. On the same day Joseph D. Buckley, a partner in Wainright Co. and trustee of the foundation, by letter acknowledged the gift of the bonds. Also on the same day the foundation, through Wainwright Co., sold the bonds at a price of $113. The principal amount due on the sale was $113,000, plus interest of $815.97, less commissions in the amount of $125 and a tax in the amount of $50, or a total sales price of $113,640.97. On November 1 the foundation sent a letter to the bank instructing it to deliver the bonds to Wainwright Co. against the payment of $100,000. On November 4, Wainwright Co., acting on behalf of the foundation, paid $100,000 to the bank and received the bonds for transmittal to the purchaser. The parties have stipulated that the series of transactions outlined above relating to the petitioner's purchase, contribution *18 and sale of the bonds constituted a single, planned transaction on the part of the petitioner with no intention that such transactions should produce a business profit, gain or benefit to him other than that which might result from an income tax deduction for bond premium amortization in accord with section 171 and an income tax deduction for a contribution to the foundation of petitioner's equity in the bonds. It is stipulated that the bonds here involved were fully taxable bonds. The petitioner did not regularly employ any method of amortization of bond premiums other than that which he claimed the right to use with respect to the bonds here involved. In computing their income tax liability for the taxable year 1954, petitioner deducted $13,640.97 as a charitable contribution to the foundation, $343.75 for interest paid to the bank and $11,195 as an amortization deduction computed as the difference between the cost of the bonds and the special call price thereof. ($111,750 minus $100,555.) Respondent, in the statutory notice, determined that the $11,195 did not constitute an allowable deduction within section 171, and determined that the $343.75 did not constitute an allowable *19 deduction under section 163. He also disallowed the $13,640.97 as a charitable contribution, but on brief has conceded that the petitioner is entitled to a deduction of this amount. The petitioner has conceded that the amortization deduction, if allowable, should be computed to be the difference between the cost of the bonds and the general call price thereof, or $8,625. Opinion Both parties agree that as to the amortization issue the facts in this case parallel those in Maysteel Products, Inc., 33 T.C. 1021, (on appeal C.A. 7) and indeed in their stipulation have adopted almost verbatim the language of our ultimate finding in Maysteel that the transactions were planned to produce a deduction for bond premium amortization under section 171. Accordingly, under the authority of Maysteel we hold respondent was correct in disallowing petitioner's deduction for the amortization of the bond premium. The second issue concerning the deductibility of interest petitioner paid on the $100,000 loan with which the bonds were purchased was not before the Court in Maysteel. However, the same interest issue was before the Court in Fabreeka Products Co., 34 T.C. 290, *20 (on appeal C.A. 1), and decided in favor of the taxpayer. Respondent admits his disallowance of the interest deduction is contrary to our holding in Fabreeka. Upon the authority of the Fabreeka case and the reasoning there stated, we hold for petitioner on the issue. See also Sadie S. Friedman, 34 T.C. 456 (June 8, 1960). Petitioner is entitled to deduct $343.75 in the year in question under section 163. Decision will be entered under Rule 50. Footnotes
1. The amount originally claimed on petitioners' return was $11,195. Petitioners conceded that they are not entitled to a deduction of more than $8,625 should this issue be decided in their favor. ↩
2. All section references herein are to the Internal Revenue Code of 1954, as amended.↩